UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SUSAN B. LONG, | ) | |
|     360 Newhouse II | ) | |
|     Syracuse University | ) | |
|     Syracuse, NY 13244-2100 | ) | |
| | ) | |
|        and | ) | |
| | ) | |
| DAVID BURNHAM, | ) | |
| 1100 G Street NW, Suite 500 | ) | |
| Washington, DC 20005 | ) | |
| | ) | |
|        Plaintiffs, | ) | |
| | ) | |
|   v. | ) | |
| | ) | Civil Action No. _____ |
| IMMIGRATION AND CUSTOMS | ) | |
| ENFORCEMENT, | ) | |
|     500 12th Street, SW | ) | |
|     Washington, DC 20536 | ) | |
| | ) | |
|        Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.    This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to compel Immigration and Customs Enforcement ("ICE") to produce records responsive

to a FOIA request for certain data extracts and corresponding code definitions from the

Enforcement Integrated Database ("EID database"), an ICE-owned and operated electronic

database that records and maintains information related to investigations and operations

conducted by ICE and the United States Custom and Border Protection's ("CBP") Office of

Border Patrol and Office of Field Operations. ICE failed to provide any responsive records,

stating that the ICE office to which the FOIA request was referred was unable to extract data

from the EID database or provide a glossary. ICE, however, failed to refer the request to the ICE office responsible for maintaining the database and extracting its data for both internal and external uses, even though Plaintiffs' administrative appeal specifically identified that office. ICE's search was inadequate and unreasonable and its reasons for refusing to provide records in the electronic form requested were pretextual.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff Susan B. Long is an Associate Professor of Managerial Statistics at the Martin J. Whitman School of Management at Syracuse University. Professor Long serves as Co-Director of the Transactional Records Access Clearinghouse ("TRAC"), a data gathering, data research, and data distribution organization associated with Syracuse University. TRAC was established in 1989 and has several offices including those at Syracuse University and in Washington, D.C. The purpose of TRAC is to provide the American people and institutions of oversight, such as Congress, news organizations, public interest groups, businesses, scholars, and lawyers, with comprehensive information about the staffing, spending, and enforcement activities of the federal government.

4.      Plaintiff David Burnham is Co-Director of TRAC, a long-time journalist, and an Associate Research Professor at the S.I. Newhouse School of Public Communications at Syracuse University.

5.      Defendant ICE is an agency of the federal government of the United States and has possession of and control over the records Plaintiffs seek.

**STATEMENT OF FACTS**

Information Stored in, and Access to, the EID Database

6.      According to a Department of Homeland Security ("DHS") Privacy Impact Assessment, dated January 14, 2010 ("DHS PIA"), the EID database is the repository for all records created, updated, and accessed by software applications that capture and maintain information relating to the investigation, arrest, booking, detention, and removal of persons in the course of ICE and CBP investigations and operations. DHS, of which ICE is a part, refers to these software applications as the "ENFORCE applications."

7.      The EID database contains event-based records, i.e., arrest, booking, detention, or removal, for each encounter with a person by ICE or CBP. Users of the EID database also may access person-specific data available within various ENFORCE applications. The ENFORCE applications, and their use, correspond to phases of the immigration enforcement process, such as arrest, booking, detention, or removal.

8.      According to the DHS PIA, users of the ENFORCE applications include DHS law enforcement agents and officers, immigration officers, and law enforcement support personnel. Data may be input into the EID database either manually or electronically via interfaces to other DHS information systems.

9.      In addition to maintaining the official records relating to ICE and CBP law enforcement investigations and operations, the EID database contains associated data repositories that provide a "continuously updated snapshot of selected EID data . . . to support DHS requirements to query EID data for operational or executive reporting purposes." DHS PIA at 6. These associated data repositories contain information in a read-only format, meaning that users who query these repositories cannot edit their data.

3

10.     According to DHS, the EID database can run reports based on its recorded data that "aid in setting and evaluating law enforcement strategies, target goals, training and development activities, [and] hiring and staffing . . . ." DHS PIA at 15.

11.     Information from the EID database is transmitted as data files between ICE and other DHS components on an unclassified, secured wide-area network via a file transfer protocol ("FTP") or by email. DHS PIA at 18. The DHS PIA also contemplates that, in some instances, ICE may share information contained in the EID database by furnishing a compact disc containing data files or by furnishing printed copies of EID records. Further, when providing information to organizations outside DHS, ICE transmits encrypted EID data through external interface connections, email, or DVD/CD. DHS PIA at 22.

Plaintiffs' FOIA Requests for EID Data Related to DHS Detention Facilities

12.     As part of TRAC's efforts to provide the public with information on federal staffing, spending, and enforcement activities, in January 2010, Professors Long and Burnham submitted FOIA requests to ICE for complete documentation of the tables and information fields contained in the EID database. In April 2011, after a lengthy delay and following TRAC's appeal to DHS's Public FOIA Liaison, ICE provided Professors Long and Burnham files containing the requested documentation.

13.     By letter dated April 21, 2011, Professors Long and Burnham submitted a FOIA request to ICE for a complete extract of records contained in 106 information fields from five interlinked EID database tables that record information about DHS detention facilities. Specifically, the information recorded in these tables and fields includes the ID, name, and type of each facility. It also provides the ICE supervisory office for each detention facility, the daily rates and other charges specified in the government's contracts for the use of each detention

facility, the renovations planned and made in each facility, the specific numbers of adult male, female, juveniles, male and female children, and family units recorded for each facility, the three detention security levels for each recorded family unit, the numbers of security and support staff at each facility, and the dates and results of inspections of each detention facility. The data requested included only information about the facilities, and did not include names or other personal information concerning detainees or other persons involved in ICE investigations. A copy of Professors Long and Burnham's April 21, 2011 FOIA request is attached to this Complaint as Exhibit A.

14.     The April 2011 FOIA request also sought a current copy of any records defining the codes used in the tables and information fields. Professors Long and Burnham further requested that the database tables and information fields be provided in electronic format in a manner that would contain "the necessary linkage information" that would allow "[Plaintiffs] to associate the information about the detention facility with the records relating to its contracts, inspections, renovations, and capabilities."

15.     Professors Long and Burnham identified the requested database tables and information fields based on their review of the EID documentation that ICE had provided in response to their January 2010 FOIA requests.

16.     Plaintiffs requested a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and supplied all necessary information justifying the request for a waiver of fees.

17.     By letter dated December 7, 2011, ICE stated that it searched its Office of Enforcement and Removal ("ERO"), which determined that "the request does not pertain to an operational activity and [ERO] does not have the means to extract the data or any other aspect of [the] request." The letter further stated that ERO referred the FOIA request to the ICE Office of

the Chief Information Officer ("OCIO"), which produced 16 pages that ICE deemed "responsive" to Plaintiffs' FOIA request. These 16 pages consisted of descriptions of various EID database tables and information fields, but contained neither data from the tables and information fields that Professors Long and Burnham identified in their FOIA request nor definitions of codes used in the tables and information fields. Finally, ICE denied Professors Long and Burnham's request that the records be made available in an electronic, interlinked format on the basis that "[t]he information requested . . . does not exist as records within ICE and would have to be created just for this request." A copy of ICE's December 7, 2011 denial is attached to this Complaint as Exhibit B.

18.     On December 19, 2011, Plaintiffs timely appealed the denial of their FOIA request. As part of their appeal, Plaintiffs challenged ICE's reasonableness in limiting its search to ERO, noting that "HSI [Homeland Security Investigations] appears to be the appropriate contact since it is responsible for maintaining this database and for making data extracts from EID for both internal and external parties" and that HSI had been the source of records provided by ICE in response to Plaintiffs' January 2010 FOIA requests. Plaintiffs' appeal also noted that the 16 pages provided by OCIO were a subset of the documents that ICE furnished in response to their January 2010 FOIA requests and were not responsive to the April 2011 FOIA request at issue. Plaintiffs objected to ICE's characterization of their request for electronic, interlinked records as a "request for additional records," and reiterated their request for electronic records to be provided in "the *original form* the agency maintains these records in—that is, as five separate database tables which are interlinked" (emphasis in the original). A copy of Professors Long and Burnham's December 19, 2011 FOIA appeal is attached to this Complaint as Exhibit C.

19.     By letter dated February 10, 2012, ICE denied Plaintiffs' appeal. ICE did not explain why it did not search HSI's records in response to Plaintiffs' FOIA request and asserted that a search of ERO revealed no responsive records. Despite its assertion that no records existed that were responsive to Plaintiffs' FOIA request, ICE denied Plaintiffs' request for documents in original form on the basis that ICE "has not developed a system to provide the public reproductions of databases, or database configurations, and as such, it is not a 'reasonable effort' to be required to do so specifically for [Plaintiffs'] request." The letter informed Plaintiffs of their right to judicial review of the agency's decision. A copy of ICE's February 10, 2012 denial of Plaintiffs' appeal is attached to this Complaint as Exhibit D.

20.     ICE did not identify any requested records as subject to exemption from disclosure in either its December 7, 2011 response or February 10, 2012 denial of Professors Long and Burnham's appeal.

## FIRST CLAIM FOR RELIEF

21.     Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records they requested. No legal basis exists for Defendant's refusal to disclose the records to them.

22.     Plaintiffs have exhausted their administrative remedies with respect to their request for these records.

## SECOND CLAIM FOR RELIEF

23.     Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(B), to receive the records they requested electronically and in an interlinked native form allowing Plaintiffs to associate information pertaining to the same detention facility across multiple database tables provided that the requested records are "readily reproducible" in that format. Defendant's refusal

to disclose the records to Plaintiffs in the form and format they requested violates Plaintiffs' statutory rights under 5 U.S.C. § 552(a)(3)(B), because the records requested are readily reproducible as an electronic, interlinked database and Defendant makes data files from the EID database available electronically both to other components of DHS and external organizations.

24.    Plaintiffs have exhausted their administrative remedies with respect to their request that Defendants provide the requested records in the specified form and format.

## THIRD CLAIM FOR RELIEF

25.    Plaintiffs have a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(C), to an adequate search for the records they requested and to the release of any non-exempt records identified in that adequate search. No legal basis exists for Defendant's refusal to search adequately for the records Plaintiffs seek.

26.    Plaintiffs have exhausted their administrative remedies with respect to their request that Defendant search adequately for the requested records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

    (1) Declare that Defendant's withholding of the requested records is unlawful;

    (2) Declare that Defendant's search of its records is unreasonable and inadequate;

    (3) Declare that Defendant's refusal to provide Plaintiffs the requested records in the form and format they specified is unlawful;

    (4) Order Defendant to make the requested records available in the specified form and format to Plaintiffs;

    (5) Award Plaintiffs their costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

    (6) Award such other relief as this Court deems just and proper.

Dated: October 22, 2012

Respectfully submitted,

_/s/ Scott L. Nelson_____
Scott L. Nelson
D.C. Bar No. 413548
Jehan A. Patterson
(D.C. Bar admission pending)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs*