UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN B. LONG, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Civil Action No. 1:12-cv-01725-ESH |
| ) | |
| U.S IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, the U.S. Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12, answers Plaintiff's Complaint as follows:

1. Paragraph 1 characterizes Plaintiffs' complaint, to which no response is required. To the extent that an answer is deemed required, Defendant denies the allegations.

2. Paragraph 2 contains legal conclusions, to which no response is required.

3-4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶¶ 3-4.

5. Defendant denies the allegations in ¶ 5, except to admit that ICE is an agency of the Federal government of the United States.

6-11. Paragraphs ¶¶ 6-11 contain plaintiffs' characterization of the Department of Homeland Security ("DHS") Privacy Impact Assessment, dated January 14, 2010, and the Enforcement Integrated Database ("EID"), to which no answer is required. To the extent that an answer is deemed required, defendant respectfully refers the Court to the PIA, a true and correct copy of which is attached to this Answer at Exhibit A and to which the Court is respectfully

referred for a true and accurate statement of its contents.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of ¶ 12 concerning the efforts of the Transactional Records Access Clearinghouse. The remainder of the first sentence contains plaintiffs' characterization of their January 2010 FOIA requests to which no response is required, but to the extent a response is deemed required, defendant respectfully refers the Court to those requests, true and correct copies of which are attached collectively to this Answer at Exhibit B and to which the Court is respectfully referred for a true and accurate statement of their contents. Defendant denies the second sentence of ¶ 12, except to admit that Defendant responded to Plaintiffs' FOIA requests by various letters including one dated April 2011, true and correct copies of which (but excluding enclosures) are collectively attached to this Answer at Exhibit C and to which the Court is respectfully referred for a true and accurate statement of their contents.

13. The first, fourth and fifth sentences of ¶ 13 contain plaintiffs' characterization of their FOIA request, to which no response is required, but to the extent that a response is deemed required, defendant respectfully refers the Court to the FOIA request, a true and correct copy of which is attached to the Complaint at Exhibit A. The second and third sentences of ¶ 13 contain plaintiffs' characterization of the EID, to which no response is required, but to the extent a response is deemed required, defendant respectfully refers the Court to the PIA, a true and correct copy of which is attached to this Answer at Exhibit A for a true and accurate statement of its contents.

14. Paragraph 14 contains plaintiffs' characterization of their FOIA request, to which no response is required, but to the extent that a response is deemed required, defendant respectfully refers the Court to the FOIA request, a true and correct copy of which is attached to

the Complaint at Exhibit A for a true and accurate statement of its contents.

15.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 15.

16.   Defendant denies the allegations in ¶ 16, except to admit that Plaintiffs requested a fee waiver.

17.   The first four sentences of ¶ 17 contain plaintiffs' characterizations of defendant's response to their FOIA request, to which no response is required, but to the extent that a response is deemed required, defendant respectfully refers the Court to the December 7, 2011 FOIA response, a true and correct copy of which is attached to the Complaint at Exhibit B for a true and accurate statement of its contents.  Defendant admits the fifth sentence of ¶ 17.

18.   Defendant admits the allegations in the first and fifth sentences of ¶ 18.  The remaining sentences of ¶ 18 contain plaintiffs' characterizations of their FOIA appeal, to which no response is required, but to the extent a response is deemed required, defendant respectfully refers the Court the FOIA appeal letter dated December 19, 2011, a true and correct copy of which is attached to the Complaint at Exhibit C for a true and accurate statement of its contents.

19.   Defendant admits the first and fifth sentences of ¶ 19.  The second through fourth sentences of ¶ 19 contain plaintiffs' characterizations of defendant's February 10, 2012 letter denying plaintiffs' appeal, to which no response is required, but to the extent that a response is deemed required, defendant respectfully refers the Court to the February 10, 2012 letter, a true and correct copy of which is attached to the Complaint at Exhibit D for a true and accurate statement of its contents.

20.   Paragraph 20 contains plaintiffs' characterizations of defendant's December 7, 2011 FOIA response and February 10, 2012 letter denying plaintiffs' appeal, to which no

response is required, but to the extent that a response is deemed required, defendant respectfully refers the Court to the December 7, 2011 and February 10, 2012 letters, true and correct copies of which are attached to the Complaint at Exhibits B and D for a true and accurate statement of their contents.

21. Deny.

22. Admit.

23. Deny.

24. Admit.

25. Defendant admits the allegations in the first sentence of ¶ 25, but denies the allegations in the second sentence.

26. Admit.

Prayer for Relief.   The Prayer for Relief contains the description of the relief sought by the Plaintiffs, to which no response is required but to the extent that a response is deemed required Defendant denies that Plaintiffs are entitled to any relief.

          Respectfully submitted,

          STUART F. DELERY
          Principal Deputy Assistant Attorney General

       *Felicia L. Chambers*
JOHN R. TYLER, D.C. Bar # 297713
FELICIA L. CHAMBERS, D.C. Bar # 379619
U.S. Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-3259
Facsimile: (202) 616-8470
Email:   felicia.chambers@usdoj.gov

Counsel for U.S. Customs and Immigration Enforcement